certificate shows that the receiver to collect the rents filed his bond on January 23, 1931. He was not qualified to collect rents before that time. Appellant Weiss, the owner of the property, collected $1,097 in rents on January 15, 1931, the day such rents accrued. Upon these facts, the Special Term erred in directing Weiss to turn over to the receiver the sum so collected. (*Fletcher* v. *McKeon*, 71 App. Div. 278; *Olive* v. *Levy*, 201 id. 262; *Wyckoff* v. *Scofield*, 98 N. Y. 475.) Young, Hagarty, Carswell, Scudder and Davis, JJ., concur.

PETER H. MCNULTY and HERBERT W. MCNULTY, Copartners, Doing Business under the Firm Name and Style of MCNULTY BROTHERS, Respondents, v. THERESA C. KAMMERER and DAVID KRAEMER, Amended to Read PHILIP KRAMER, Appellants.*— Judgment and order affirmed as to appellant Kammerer, without costs, and reversed upon the law and the facts as to appellant Kramer, without costs, and the complaint dismissed as to him. The respondents alleged and proved a cause of action against appellant Kammerer to recover commissions for procuring a lessee of her real property. The verdict is amply supported by the evidence. The claimed inconsistencies in the charge, if such they were, were not harmful. Appellant Kramer was not a proper party to this cause of action. It is apparent that he and appellant Kammerer sought to deprive the plaintiffs of their commission. Their acts, in furtherance of this scheme, however, do not amount to legal fraud, since, by the judgment, the respondents have recovered as against Kammerer, and this court affirms the judgment. The claim for damages resulting from fraud depriving respondents of commissions as against Kammerer are inconsistent with the recovery against the latter, and the judgment against Kramer can be supported on no other theory than that of fraud. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

MINNIE E. MCWILLIAMS, Appellant, Respondent, v. JOSEPH F. MCWILLIAMS, Respondent, Appellant.— Order, in so far as appealed from by the plaintiff, modified by awarding her twenty-five dollars a week alimony, to commence October 26, 1931, and as so modified affirmed, with ten dollars costs and disbursements to plaintiff. In so far as appealed from by defendant, the order is affirmed, without costs. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

JOHN MINETT, Respondent, v. EVERETT M. FREDERICK and LAURA H. FREDERICK, His Wife, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ.

WILLIAM MOELLER, Respondent, v. SHEFFIELD FARMS Co., INC., Defendant, and MANHATTAN PIE BAKING COMPANY, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. In our opinion, no negligence was shown on the part of the driver of appellant's wagon. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

THE MOTHERLAND SHIPPING COMPANY, LTD., Respondent, v. FRANK I. FINK-LER, Appellant. (Appeal No. 2.) — Interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

THE MOTHERLAND SHIPPING COMPANY, LTD., Respondent, v. FRANK I. FINK-LER, Appellant. (Appeal No. 1.) — Order denying motion to dismiss complaint

---

*Motion to dismiss appeal denied, 259 N. Y. —.

for lack of prosecution affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.

HARRIET E. MURRAY and Others, Respondents, v. RUBEL COAL AND ICE CORPORATION, Now Known as RUBEL CORPORATION, Appellant.— Order granting plaintiffs' motion for a jury trial of a framed issue arising under the counterclaim and the reply thereto reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs. The litigants must be held to a consistent position. They obtained a denial of a motion to strike this case from the Special Term calendar upon the ground that the date of issue herein was August 21, 1931, as a consequence of a stipulation, and they obtained an affirmance of that order in this court on that same ground.■ They, therefore, may not utilize any other date as the issue date by way of seeking a jury trial of any issue arising under the counterclaim herein by way of coming within rule 157 of the Rules of Civil Practice, which provides that such a motion be made within twenty days after issue is joined. The motion herein was made more than twenty days after the issue date fixed upon and invoked by the plaintiffs and it was also made more than twenty days after the defendant's answer containing a counterclaim was served upon the plaintiffs. A jury trial, so far as plaintiffs were concerned, being discretionary herein, rule 157 applies and the terms thereof were not met by plaintiffs. The motion, therefore, should have been denied. Moreover, a sound exercise of discretion under the circumstances involved required a denial of the motion. (*Magnolia Metal Co.* v. *Drew,* 68 App. Div. 47.) Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

LILLIAN OESCHNER, Respondent, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellant.— Order granting motion to vacate order of preclusion modified so as to provide that the order be granted upon payment by plaintiff of ten dollars costs and disbursements on or before January 11, 1932, and as so modified affirmed, without costs; the bill of particulars to be served on or before January 11, 1932. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

ALBERT W. PAGE, Respondent, v. MINA C. OWEN, as Executrix, etc., of GEORGE OWEN, Deceased, Substituted in Place of GEORGE OWEN, Deceased, Appellant.— Judgment of the City Court of White Plains and order denying motion to set aside the verdict and for a new trial reversed on the law, with costs, and judgment directed for defendant dismissing the complaint, with costs. The evidence compels the conclusion that payment by defendant of the sum of $350 on account of the unliquidated claim of $750 and acceptance of such payment by plaintiff constitute an accord and satisfaction. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

LOUISE HARDING PARNHAM, Appellant, Respondent, v. JOHN H. PARNHAM, Respondent, Appellant.— Order modifying judgment affirmed, without costs. No opinion. Hagarty, Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents and votes to modify the order by striking from the 8th line of the decretal paragraph thereof the words " January 1st," and by inserting in place thereof the words " March 16," and to affirm as so modified, being of opinion that the reduction of alimony should begin as of March 16, 1931, the return day of the motion.